DANIEL G. SMITH, Administrator Income, Sales, Inheritance andExcise Tax Division Department of Revenue
You have requested my opinion regarding interpretation of the fermented malt beverage tied-house laws as they may affect holders of so-called temporary or picnic beer licenses. Specifically, you ask the following:
 "does the prohibition in s. 66.054 (4)(a)(intro.) apply to holders of temporary Class "B" licenses for picnics or similar gatherings issued under s. 66.054 (8)(b), Wis. Stats.?"
 The answer is yes. *Page 128 
Section 66.054 (8)(b), Stats., provides for the issuance of temporary retail Class "B" beer licenses to certain types of groups and organizations enumerated within the statute which licenses authorize the group or organization to sell beer at a particular picnic, gathering or meeting.
Section 66.054 (4)(a), Stats., the specific tied-house provision about which you inquire provides, in part, that:
 "No brewer, bottler or wholesaler shall furnish, give, lend, lease or sell any furniture, fixtures, fittings, equipment, money or other thing of value, directly or indirectly, or through a subsidiary or affiliate corporation. or by any officer, director, stockholder or partner thereof, to any Class "B" licensee, or to any person for the use, benefit or relief of any Class "B" licensee . . . ." (Emphasis supplied.)
Note there is no distinction made between "regular," "picnic" or other types of Class "B" licenses and licensees.
Subparagraphs 1 through 7 make exceptions to the general proscription, none of which relate to the classification of retailers. These exceptions, together with exception eight discussed next, must be strictly construed. See SutherlandStatutory Construction, (3rd Edition 1943), sec. 4830.
Chapter 14, Laws of 1977, effective June 1, 1977, created the eighth exception to the tied-house provisions. It provides that brewers, bottlers and wholesalers may:
 "Contribute money or other things of value to or for the benefit of a nonprofit corporation, exempt under sec. 501 (c) (3) of the U.S. Internal Revenue Code of 1954 and conducting festivals of limited duration in a city of the first class, if the festivals are sponsored and endorsed in whole or in part by a municipal corporation."
If the tied-house prohibitions had not been intended from the beginning to apply to holders of temporary retail Class "B" beer licenses which are issued pursuant to see. 66.054 (8)(b), Stats., the Legislature would have seen no need whatsoever to create a new exception involving those kinds of licenses issued in cities of the first class to one category of licensee. A ninth exception to cover the situation about which you inquire may not be engrafted upon the *Page 129 
statute by implication. To do so would avoid the legislative intent and purpose of total separation between wholesalers and retailers except for specific and express exceptions. C.J.S.Intoxicating Liquor sec. 191.
Therefore, except for those relationships which fall within sec. 66.054 (4)(a)8., Stats., the prohibitions contained in 66.054 (4)(a) (intro.), Stats., apply to holders of temporary Class "B" licenses for picnics or similar gatherings issued under sec. 66.054 (8)(b), Stats.
BCL:JM